UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------/

JILL SIDER and PHIL SIDER

                Plaintiffs,

    -  against –

TROPICANA ATLANTIC CITY CORP. and
TROPICANA AC SUB CORP.,

                Defendants.
------------------------------------------------------------------------/

**Docket No. 17-CV-4780**

**COMPLAINT**

**Diversity Jurisdiction and
Federal Question
28 OF THE UNITED STATES
CODE §1332(a)(1), and §1331**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs Jill Sider and Phil Sider, by and through their undersigned attorneys, Rosen Law LLC, hereby files this Complaint against Defendants TROPICANA ATLANTIC CITY CORP. and TROPICANA AC SUB CORP. for a declaratory judgment, money damages, attorneys' fees and costs pursuant to 42 U.S.C. 12181 and N.J.S.A. 10:5-1 and alleges:

1.    This is an action for, *inter alia*, declaratory judgment pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. 12181, et.seq., (hereinafter referred to as the "ADA"), and for personal injuries suffered by Plaintiff Jill Sider as a result of Defendants' violations of the ADA.

2.    This Court is vested with original jurisdiction pursuant to 28 U.S.C. 1331 and 1332(a)(1).

3.    Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) and (2) in that all events giving rise to this action occurred in the State of New Jersey.

4.    The remedies pursuant to the New Jersey Law Against Discrimination (hereinafter referred to as the "NJLAD") are not exclusive, and state administrative

remedies need not be exhausted in connection with suits brought under the federal Civil Rights Act.

5.    All events giving rise to this action occurred in Atlantic City, Atlantic County, State of New Jersey.  Venue is proper in this Court as the Defendants' premises, which are the subject of this action and where Plaintiff Jill Sider suffered her personal injuries as set forth herein, is located in the State of New Jersey.

6.    That at all times hereinafter mentioned and at the time of the commencement of this action, Plaintiff Jill Sider resides at 746 Arbuckle Avenue, Woodmere, County of Nassau, State of New York.

7.    That at all times hereinafter mentioned and at the time of the commencement of this action, Plaintiff Phil Sider resides at 746 Arbuckle Avenue, Woodmere, County of Nassau, State of New York.

8.    Upon information and belief, at all times hereinafter mentioned and at the time of the commencement of this action, Defendant TROPICANA ATLANTIC CITY CORP. was and is a domestic profit corporation organized and existing under and by virtue of the laws of the State of New Jersey with its principal place of business located at 2831 Boardwalk, Atlantic City, New Jersey 08401.

9.    Upon information and belief, at all times hereinafter mentioned and at the time of the commencement of this action, Defendant TROPICANA AC SUB CORP. was and is a domestic profit corporation organized and existing under and by virtue of the laws of the State of New Jersey with its principal place of business located at 2831 Boardwalk, Atlantic City, New Jersey 08401.

2

10.     Upon information and belief, Defendant TROPICANA AC SUB CORP. is a wholly owned subsidiary of Defendant TROPICANA ATLANTIC CITY CORP.

11.     Upon information and belief, Defendant TROPICANA ATLANTIC CITY CORP. is a wholly owned subsidiary of Defendant TROPICANA ENTERTAINMENT INC., a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located at 8345 West Sunset Road, Las Vegas, Nevada 89113.

12.     At all times material hereto, Defendants were owners and/or operators in possession and control, operation and/or management of the Tropicana Casino & Resort located at 2831 Boardwalk, Atlantic City, New Jersey 08401 (the "Hotel").

13.     That at all times hereinafter mentioned, the Defendants did own, operate, maintain, manage and control the Hotel, which Defendants represent to the public to be "a combination luxury Atlantic City hotel, casino, and spa" located in the District of New Jersey.

14.     That at all times hereinafter mentioned, the Defendants conducted business in the District of New Jersey.

15.     On or about October 30, 2015, Plaintiff Jill Sider suffered from what constitutes a "qualified disability" under the ADA.

16.     On or about October 30, 2015, Plaintiff Jill Sider was utilizing the facilities situated in or about the bathroom located within guest-room 960, located upon information and belief, in the South Tower at the Hotel (hereinafter referred to as the "Bathroom") when Plaintiff Jill Sider slipped and fell on the bathroom floor while exiting

the shower, causing Plaintiff Jill Sider to suffer serious and permanent injuries (hereinafter referred to as the "Injuries").

17. The aforementioned Injuries suffered by Plaintiff Jill Sider caused by the negligence, carelessness, and/or recklessness of the Defendants, vicariously, jointly and severally, consisted of the following, but not limited to:

     a. right proximal tibial fracture;

     b. right proximal fibular fracture with ligamentous tear;

     c. displaced fracture of right tibial spine;

     d. subchondral posterior lateral femoral condyle fracture;

     e. partial medial collateral and posterior oblique ligament tears;

     f. stress fracture right tibia;

     g. fraying of the medial meniscus posterior horn;

     h. mildly displaced PCL avulsion fracture with fluid coursing deep to the fracture fragment; and

     i. moderate joint effusion.

18. Upon information and belief, Plaintiff Jill Sider is a handicapped individual, whose civil liberties are protected by the ADA.

19. Plaintiff Jill Sider specifically requested and, upon information and belief, received a guest-room designated as handicap accessible, including the bathroom therein.

20. Upon information and belief, the Bathroom was not compliant with the ADA for, *inter alia,* the reasons set forth herein in Paragraph "47".

21. Upon information and belief, certain conditions of the Bathroom which were not compliant with the ADA at the time of the Injuries cannot be ascertained with

specificity without further inspection of the Bathroom by Plaintiffs and their expert witnesses.

22.     Upon information and belief, further inspection of the Bathroom will reveal that certain conditions of the Bathroom were not compliant with the ADA at the time of the Injuries, unless the components and design of such Bathroom has been altered by Defendants or third parties in any manner since October 30, 2015.

23.     On or about July 26, 1990, Congress enacted the ADA. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

24.     Congress found, among other things, that:

   **(i)**     some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   **(ii)**     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   **(iii)**     discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   **(iv)**     individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

5

**(v)** the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

25. Congress explicitly stated that the purpose of the ADA was to:

**(i)** provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

**(ii)** provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

**(iii)** invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

26. The Defendants are public accommodations because they are private entities that owns, leases (or leases to), or operates a place of public accommodation, the Hotel. 42 U.S.C. §§ 12181(6), (7); 28 C.F.R. § 36.104.

27. Accordingly, the Defendants are subject to the requirements of title III of the ADA, and its implementing regulations, which are found at 28 C.F.R. part 36.

28. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Hotel, is a place of public accommodation in that it is a hotel and casino facility which provides entertainment, food, beverages and other services to the public.

29. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building

and/or the Hotel which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

30.     Upon information and belief, the Hotel has been remodeled, repaired and/or altered since January 26, 1990.

31.     On March 15, 2011, the revised ADA title III regulation became effective, including revised ADA Standards for Accessible Design ("2010 Standards").

32.     The effective date of the 2010 Standards was, upon information and belief, March 15, 2012.

33.     The compliance date for §§ 242 and 1009 of the 2010 Standards, with respect to the provision of accessible entry and exit to existing swimming pools, wading pools, and spas (those built before March 15, 2012) was extended to January 31, 2013.

34.     The 2010 Standards are used to determine the remedial actions entities including the Defendants must take to comply with the ADA. See 28 C.F.R. § 36.406(a)(5).

35.     The revised ADA title III regulation and the 2010 Standards contain new requirements for elements in existing facilities that were not addressed in the 1991 Standards.

36.     The ADA and 2010 Standards require a public accommodation to ensure that, to the maximum extent feasible, the altered portions of a facility are readily accessible to and usable by individuals with disabilities to provide them with an equal opportunity to participate in, or benefit from, its goods and services. 42 U.S.C. § 12182(a); 42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.201(a); 28 C.F.R. § 36.402(a); 28 C.F.R. § 36.403(a)(1).

37.     The ADA and 2010 Standards require a public accommodation to make reasonable modifications to its policies, practices, and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302.

38.     A public accommodation must also remove architectural barriers in existing facilities where such removal is readily achievable, for example if it is easily accomplishable and able to be carried out without much difficulty or expense.

39.     A public accommodation must maintain in operable working condition those features of its facilities that are required to be handicap-accessible.

40.     On December 23, 2014, Defendant TROPICANA ATLANTIC CITY CORP. executed a certain settlement agreement entitled *SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES OF AMERICA AND TROPICANA ATLANTIC CITY CORP. D/B/A TROPICANA CASINO AND RESORT UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990 – DJ#202-48-242* (the "Settlement").

41.     The Settlement states that it "resolves an investigation and compliance review conducted by the United States Department of Justice (the "Department") of the Tropicana under title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189."

42.     Upon information and belief, the United States Attorney's Office for the District of New Jersey commenced a compliance review of the Hotel on or about February

16, 2011 to determine whether the Hotels was operating in compliance with title III of the ADA.

43.     Upon information and belief, the United States Attorney's Office for the District of New Jersey reviewed information provided by the Hotel and conducted a four (4) day site visit of the Hotel from December 10, 2012 to December 13, 2012 in furtherance of their aforementioned review of the Hotel's non-compliance with the ADA.

44.     Pursuant to the Settlement, Defendant TROPICANA ATLANTIC CITY CORP. was required to remedy issues that were noncompliant with the 2010 Standards and/or ADA pertaining to the South Tower of the Hotel within 24 months after the date that the Settlement was executed.

45.     Defendants have discriminated, and continue to discriminate, against Plaintiff Jill Sider, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Hotel, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to provide facilities to Plaintiff Jill Sider and all other individuals who are similarly situated, which are in full compliance with the ADA.

46.     Defendants have discriminated, and continue to discriminate, against Plaintiff Jill Sider, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at The Hotel, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to provide facilities to Plaintiff Jill Sider and all other individuals who are similarly situated, which are in full compliance with the Settlement.

47.    The Hotel is in violation of the ADA, including the 2010 Standards, which is discriminating against Plaintiff Jill Sider as a result of *inter alia*, the following specific violations contained within the Bathroom including but not limited to:

*a.   The shower curtain did not contain operable parts pursuant to Section 309.4 of the 2010 Standards which would allow the protected individual to open and close the shower curtain without requiring, for example, "tight grasping, pinching, or twisting of the wrist" to operate the shower curtain.*

*b.   The grade/level of the floor changed between the shower floor, bathroom floor, and threshold separating the shower floor and bathroom floor surfaces in excess of the change in grade permitted pursuant to Section 303.1 of the 2010 Standards.*

*c.   The grade/level of the floor changed between the shower floor, bathroom floor, and threshold separating the shower floor and bathroom floor surfaces are in excess of the change in grade permitted pursuant to Section 303.2 of the 2010 Standards.*

*d.   The bathroom failed to contain a 30 inch by 48 inch clear area in the shower compartment pursuant to Section 608.2.1 of the 2010 Standards as required in a transfer shower in order to allow a user to position a wheelchair and transfer from the wheelchair to the ADA compliant shower bench.*

e.   *Shower bench is more than three (3) inches distance from the end of the bench nearest to the shower compartment entry pursuant to Section 610.3 of the 2010 Standards.*

f.   *The general floor and ground surfaces are not slip resistant as required pursuant to Section 302.1 of the 2010 Standards.*

g.   *Shower floor was unfastened to the threshold and was not securely fastened to the floor slab pursuant to Section 608 of the 2010 Standards, such that the edge of the shower floor nearest to the threshold was in an unsmooth, wave-like pattern condition.*

48.   The violations set forth in Paragraph "47" are some of the violations which caused Plaintiff Jill Sider to suffer serious and permanent injuries at the Hotel on October 30, 2015.

49.   Upon information and belief, the Bathroom was not compliant with the ADA based on the aforementioned violations in Paragraph "47", which is not an exhaustive list of the violations that Plaintiffs believe existed at the time that Plaintiff Jill Sider suffered the Injuries, and which Plaintiffs believe will be revealed upon conducting further discovery.

50.   Upon information and belief, there are other current violations of the ADA at the Hotel, and only once a full inspection is performed by Plaintiffs' ADA Accessibility Specialist Architect (Expert) can the aforementioned and presently unknown violations be identified.

51.   Furthermore, upon information and belief, Defendants' violations which caused injuries in fact to Plaintiff Jill Sider are additional violations of the Settlement

which the Settlement was agreed to by Defendant TROPICANA ATLANTIC CITY CORP. for the specific intention of preventing such injuries.

## COUNT I – NEGLIGENCE

52.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "51" with the same force and effect as though more fully set forth at length herein.

53.     That at all times hereinafter mentioned, the Defendants did represent to the public in general, and to the Plaintiffs in particular, that its premises were safe for occupancy by consumers, including handicapped individuals protected under the ADA.

54.     That at all times hereinafter mentioned, the Defendants did represent to the public in general, and to the Plaintiffs in particular, that it maintained its premises in a safe condition that would not expose its customers to dangers which could cause bodily injuries.

55.     That at all times hereinafter mentioned, the Defendants did represent to the public in general, and to the Plaintiffs in particular, that it had its premises inspected to ensure that the premises were in a safe condition while the premises were open for business, which would not expose its customers to dangers which could cause bodily injuries.

56.     That at all times hereinafter mentioned, the Defendants did represent to the public in general, and to the Plaintiffs in particular, that certain areas of its premises were compliant with the ADA such that those portions designated as handicapped accessible were maintained in a compliant, safe condition that would not expose its handicapped customers to dangers which would cause bodily injuries.

57.     On or about October 30, 2015, Plaintiffs were patrons of Defendants, lawfully present upon The Hotel as business invitees.

58.     At all times material hereto, Defendants were responsible for the condition, control, care maintenance, and safety of the Hotel, including the Bathroom.

59.     At all times material hereto, Defendants were in possession and/or control of the Hotel, including the Bathroom, guestroom bathrooms and fixtures and/or devices therein.

60.     At all times material hereto, Defendants owed a non-delegable duty to inspect and ensure that the Hotel, including the Bathroom, was maintained in a safe condition free of dangerous conditions, to warn of dangerous conditions, to make reasonable inspections, and to correct such dangerous conditions.

61.     At all times material hereto, Defendants were in possession and/or control of the Hotel, including the Bathroom, guestroom bathrooms and fixtures and/or devices therein, which the Defendants had a duty to inspect, repair and maintain in a manner required by the ADA.

62.     The Defendants had and have a duty to maintain and/or should have maintained the bathroom and/or shower facilities within the guestrooms of the Hotel in a reasonably safe manner to prevent individuals staying at the Hotel such as Plaintiff Jill Sider from suffering serious and permanent injuries.

63.     The Defendants were and are required to maintain and/or should have maintained the bathroom and/or shower facilities within the guestrooms of the Hotel, including the Bathroom, pursuant to the ADA to prevent individuals staying at the Hotel such as Plaintiff Jill Sider from suffering serious and permanent injuries.

64.     Defendants failed to maintain the Bathroom in a reasonably safe manner to prevent customers including Plaintiff Jill Sider from suffering serious and permanent bodily injuries.

65.     Defendants' failure to maintain the Bathroom in a reasonably safe manner was a material breach of the duty that Defendants owed to Plaintiff JILL SIDER.

66.     As a result of Defendants' failure to maintain the Bathroom in a reasonably safe manner to prevent patrons from suffering injuries, Plaintiff Jill Sider suffered serious and permanent injuries to her body.

67.     At the time that Plaintiff Jill Sider suffered her injuries set forth herein, she was lawfully on the premises at the Hotel, including the Bathroom, which was owned and/or maintained by the Defendants.

68.     Plaintiff Jill Sider was injured as a result of Defendants' negligent, careless, and/or reckless conduct, vicariously, jointly and severally, and in no way due to any fault of her own.

69.     At all times relevant, Defendants, by and through their agents, servants, and employees, were negligent, careless, and reckless in creating and/or permitting a dangerous condition to exist in the Hotel, including the Bathroom, on October 30, 2015.

70.     As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendants as set forth herein, Plaintiff Jill Sider, slipped and fell thereby suffering severe, painful and permanent bodily injuries which have necessitated medical treatment, caused great pain, suffering, and disability, and which will in the future similarly afflict Plaintiff Jill Sider.

71.     At all times relevant, Defendants owed Plaintiff Jill Sider a duty to inspect, repair and maintain the Hotel, including the Bathroom and its fixtures therein, in a reasonably safe manner.

72.     At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to warn of any hazard on the premises including hazardous conditions and/or faulty fixtures within the Hotel premises.

73.      At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to have the Hotel, including the Bathroom, constructed in a reasonably safe condition.

74.     At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to have the Hotel, including the Bathroom, constructed in strict compliance with the ADA.

75.     At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to have the Hotel, including the Bathroom, maintained in a reasonably safe condition.

76.     At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to have the Hotel, including the Bathroom, maintained in strict compliance with the ADA.

77.     At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to have the Hotel, including the Bathroom, inspected thoroughly to ensure that conditions were reasonably safe for use by customers.

78.     At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to have the Hotel, including the Bathroom, inspected in strict compliance with the ADA.

79.     At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to inspect and maintain the Hotel, including the Bathroom, when Defendants knew or should have known that the Bathroom was in a dangerous condition to handicapped individuals who would use the Bathroom.

80.    At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to have policies in place regarding the defects and/or violations such as the ones that injured Plaintiff Jill Sider, to ensure that the Hotel, including the Bathroom, was reasonably and professionally inspected and maintained for suitable use by customers and/or other business invitees such as Plaintiff Jill Sider.

81.    At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to reasonably and professionally inspect and maintain the Hotel, including the Bathroom, to remediate and/or eliminate dangerous conditions, such as the ones that injured Plaintiff Jill Sider.

82.    At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to hire persons and/or professionals who were qualified to maintain, inspect, design, install, and repair the Hotel, including the Bathroom to keep the Bathroom compliant with all applicable laws, including but not limited to the ADA and NJLAD.

83.    At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to protect guests and invitees of the Hotel such as Plaintiff.

84.    At all times material hereto, Defendants owed Plaintiff Jill Sider a duty not to expose Plaintiff Jill Sider to a foreseeable and unreasonable risk of harm and bodily injury.

85.    At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to use reasonable prudence in the care, construction, and maintenance of the Hotel, including the Bathroom, to prevent the existence of conditions which could foreseeably cause injury to customers such as the Plaintiff Jill Sider.

16

86.     At all times material hereto, Defendants, and all of Defendants' employees, workers, servants, and/or agents, owed Plaintiff Jill Sider a duty to hire persons qualified to maintain the Hotel, including the Bathroom to prevent the existence of conditions which could foreseeably cause injury to customers such as the Plaintiff Jill Sider.

87.     At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to not willfully, carelessly, and/or recklessly inspect, repair, and/or maintain the Hotel, including the Bathroom, in a manner that would be dangerous to invitees on the Hotel property.

88.     At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to ensure that the shower curtain in the Bathroom was strong enough to prevent water from spreading out of the shower into the Bathroom floor causing the conditions which existed and would foreseeably cause injury to customers such as Plaintiff Jill Sider.

89.     At all times material hereto, Defendants owed Plaintiff Jill Sider a duty to ensure that the shower curtain in the Bathroom was long enough to prevent water from spreading out of the shower into the Bathroom floor causing the conditions which existed and would foreseeably cause injury to customers such as Plaintiff Jill Sider.

90.     Defendants failed to construct the Hotel, including the Bathroom, in a reasonably safe manner to prevent customers including Plaintiff Jill Sider from suffering serious and permanent bodily injuries.

91.     Defendants' failure to construct the Hotel, including the Bathroom, in a reasonably safe manner was a material breach of the duty that Defendants owed to Plaintiff JILL SIDER.

92.     Defendants failed to thoroughly inspect the Hotel, including the Bathroom, to ensure that the premises were in a reasonably safe condition to prevent customers including Plaintiff Jill Sider from suffering serious and permanent bodily injuries.

93.     Defendants' failure to thoroughly inspect the Hotel, including the Bathroom, in a reasonably safe manner was a material breach of the duty that Defendants owed to Plaintiff JILL SIDER.

94.     Defendants failed to hire individuals whom were reasonably qualified to maintain the Hotel, including the Bathroom, in a reasonably safe manner to prevent customers including Plaintiff Jill Sider from suffering serious and permanent bodily injuries.

95.     Defendants' failure to hire individuals whom were reasonably qualified to maintain the Hotel, including the Bathroom, in a reasonably safe manner was a material breach of the duty that Defendants owed to Plaintiff JILL SIDER.

96.     Defendants failed to protect customers including Plaintiff JILL SIDER from being exposed to foreseeable and unreasonable risks of harm and bodily injury.

97.     Defendants' failure to protect customers including Plaintiff JILL SIDER from being exposed to foreseeable and unreasonable risks of harm and bodily injury was a material breach of the duty that Defendants owed to Plaintiff JILL SIDER.

98.     Defendants failed to perform the duties owed to Plaintiff JILL SIDER as set forth herein.

99.     Defendants' failure to perform such duties owed to Plaintiff JILL SIDER as set forth herein were material breaches of such duties which caused Plaintiff JILL SIDER to suffer serious and permanent bodily injuries.

100.    Defendants knew or should have known that to design, install, repair and/or maintain the Hotel, including the Bathroom, in the manner that they did by not complying strictly with the aforementioned provisions of the ADA would cause Plaintiff Jill Sider to suffer injuries.

101.    Defendants knew or should have known that to design, install, repair and/or maintain the Hotel, including the Bathroom, in the manner that they did by not preventing the shower from dispersing water out of the shower into the remainder of the Bathroom, would cause Plaintiff Jill Sider to suffer injuries.

102.    Defendants knew or should have known that to design, install, repair and/or maintain the Hotel, including the Bathroom, in the manner that they did by not making the Bathroom safe for its customers to use, would cause Plaintiff Jill Sider to suffer injuries.

103.    Defendants knew or should have known that to design, install, repair and/or maintain the Hotel, including the Bathroom, in the manner that they did by not making the shower in the Bathroom fully compliant with the ADA as previously set forth in Paragraph "47", would cause Plaintiff Jill Sider to suffer injuries.

104.    Defendants knew or should have known that to design, install, repair and/or maintain the Hotel, including the Bathroom, in the manner that they did by not installing tiles on the Bathroom floor which are specifically manufactured to prevent

individuals from slipping while liquids are on the floor, would cause Plaintiff Jill Sider to suffer injuries.

105.    As a result of the Defendants' negligence, carelessness, and/or recklessness, Plaintiff Jill Sider suffered severe, serious, and permanent injuries to her body, including but not limited to the injuries set forth in Paragraph "17" herein.

106.    As a direct result of the Defendants' negligence, carelessness, and/or recklessness, Plaintiff Jill Sider has been obliged and will in the future be further obliged to expend various sums of money for her medicines and medical treatments necessitated by the aforementioned injuries to her great detriment and financial loss.

107.    As a further direct result of the Defendants' negligence, carelessness, and/or recklessness, Plaintiff Jill Sider has undergone great physical pain, and mental anguish, and will continue to endure the same for an indefinite period of time in the future to her great detriment and loss.

108.    As a direct result of the Defendants' negligence, carelessness, and/or recklessness, Plaintiff Jill Sider has sustained disfigurement, scarring, mental anguish, and loss of capacity for the enjoyment of life, all of which are permanent and continuing in nature.

109.    Prior to suffering the Injuries, Plaintiff Jill Sider suffered from none of the injuries set forth in Paragraph "17" herein.

110.    That solely as a result of the slip and fall that Plaintiff Jill Sider sustained as a result of Defendants' negligence, Plaintiff Jill Sider now suffers from the Injuries set forth in Paragraph "17".

111.     That all of the foregoing occurred solely and wholly by reason of negligent acts of the Defendants, individually, and through their agents, servants and/or employees, and without any act on the part of the Plaintiffs herein contributing thereto.

112.     As a consequence of the foregoing, Plaintiff JILL SIDER demands judgment in an amount to be determined by a trial court and jury, which amount is in excess of the jurisdictional limits of any lower court which would otherwise have jurisdiction in this matter.

## COUNT II - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

113.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "112" with the same force and effect as though more fully set forth at length herein.

114.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

115.     Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Hotel, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

116.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

117.     Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Hotel, a place of public accommodation,

accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

118.   Plaintiff JILL SIDER has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff JILL SIDER is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

119.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the the Hotel to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the the Hotel until the requisite modifications are completed.

120.   As a consequence of the foregoing, Plaintiff JILL SIDER demands judgment in an amount to be determined at trial pursuant to the applicable penalties as set forth in the ADA.

## COUNT III- VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

121.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "120" with the same force and effect as though more fully set forth at length herein.

122.   The NJLAD provides that: "[i]t shall be ... an unlawful discrimination ... [f]or any owner, proprietor, superintendent, agent, or employee of any place of public accommodation, directly or indirectly, to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof or to discriminate against any person in the furnishing thereof...."

123.    The NJLAD further provides that: "All of the provisions of the act to which this act is a supplement shall be construed to prohibit any unlawful discrimination against any person because such person is or has been at any time handicapped...."

124.    The NJLAD further provides that: "A place of public accommodation' shall include, but not be limited to: any hotel… whether for entertainment of transient guests or accommodation of those seeking health, recreation or rest...".

125.    The Hotel is a place of public accommodation as defined in the NJLAD.

126.    The NJLAD further provides that: "All remedies available in common law tort actions shall be available to prevailing plaintiffs. These remedies are in addition to any provided by this act or any other statute."

127.    The NJLAD further provides that anyone who violates the NJLAD is liable for penalties not to exceed $10,000, in addition to any other relief or affirmative action provided by law.

128.    Plaintiff visited the Hotel, but was injured due to Defendants' negligence as a result of Defendants' failure to comply with the ADA.

129.    Plaintiff visited the Hotel, but was injured due to Defendants' negligence as a result of Defendants' failure to comply with the Settlement.

130.    By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described hereinabove, Defendants have directly and/or indirectly refused, withheld from, and denied to Plaintiff Jill Sider the full and equal enjoyment of their place of accommodation because of her disability.

131.    By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described hereinabove, Defendants caused Plaintiff Jill Sider to suffer serious and permanent bodily injuries.

132.    Plaintiff Jill Sider has been damaged and will continue to be damaged by this discrimination.

133.    As a consequence of the foregoing, Plaintiff JILL SIDER demands judgment in an amount to be determined at trial pursuant to the applicable penalties as set forth in the NJLAD.

## COUNT IV- LOSS OF SPOUSAL SERVICES AND SUPPORT

134.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "133" with the same force and effect as though more fully set forth at length herein.

135.    That at all times hereinafter mentioned, the Plaintiff, PHIL SIDER, was and is the husband of the Plaintiff, JILL SIDER, and did and still does reside with her.

136.    That by reason of the foregoing, the Plaintiff, PHIL SIDER, has been deprived of his wife's services and consortium, and has been caused to expend and become liable to expend diverse sums of monies in an attempt to have his wife cured of the injuries sustained by her.

That all of the foregoing occurred solely and wholly by reason of the conduct of the Defendants as hereinbefore set forth, and without any negligence, act or conduct on the part of the Plaintiffs contributing thereto.

127.    As a consequence of the foregoing, the Plaintiff, PHIL SIDER, demands judgment in an amount to be determined by a trial court and jury, which amount is in

excess of the jurisdictional limits of any lower court which would otherwise have jurisdiction in this matter.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

**WHEREFORE**, Plaintiffs hereby demands judgment against the Defendants and requests the following monetary damages, and issuance of injunctive and declaratory relief of:

**A.**      Judgment in favor of Plaintiffs and against Defendant on all causes of action in the sum to be determined at trial but anticipated to be in excess of Seventy Five Thousand Dollars ($75,000.00) which is the jurisdictional amount for this District Court;

**B.**      That the Hotel is in violation of the ADA and of the NJLAD;

**C.**      Judgment in favor of Plaintiffs and against Defendant for monetary damages in the fullest extent permitted pursuant to the ADA and NJLAD as penalties for violations of such statutes;

**D.**      That the Defendants are in violation of the Settlement;

**E.**      That the Court enter an Order requiring the Defendants to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by the New Jersey LAD;

**F.**      That the Court enter an Order directing the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Hotel;

     **G.**       That the Court award Plaintiffs reasonable attorney's fees, costs (including, but not limited to court costs and expert fees) and other expenses incurred in Plaintiffs' maintaining this action; and

     **H.**       For such other and further relief as this Court deems just and proper.

Dated:  Great Neck, New York
      June 28, 2017

_____
Gary Rosen, Esq. (GR-8007)
Rosen Law LLC
Attorney for Plaintiffs
216 Lakeville Road
Great Neck, New York 11020
Telephone number: 516-437-3400
Fax number: 516-334-3000
Email: grosen@rosenlawllc.com

**DOCKET NO. 17-CV-4780**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JILL SIDER AND PHIL SIDER,

                Plaintiffs,

    -   against –

TROPICANA ATLANTIC CITY CORP. and
TROPICANA AC SUB CORP.,

                Defendants.

## **COMPLAINT**

**SIGNATURE (RULE 11)**

_____
Gary Rosen, Esq.

              **ROSEN LAW LLC**
              216 Lakeville Road
        Great Neck, New York 11020
             516-437-3400

**TO:**
**ATTORNEY(S) FOR:**

**SERVICE OF A COPY OF THE WITHIN**       **IS HEREBY ADMITTED**
**DATED:**          _____
             **ATTORNEY(S) FOR DEFENDANT**